UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
:
CONTINENTAL INSURANCE COMPANY,   :
f/k/a HARBOR INS. CO.,            :
                                  :
                        Petitioner,   :          23-MC-212 (VSB)
                                  :
       -against-         :          **ORDER**
                                  :
TRANSPORT INSURANCE CO.,          :
                                  :
                        Respondent.  :
                                  :
-----------------------------------------------------------X

<u>VERNON S. BRODERICK</u>, United States District Judge:

       This Order addresses the motion for an order sealing and maintaining the court file under seal filed by Petitioner Continental Insurance Company f/k/a Harbor Insurance Company ("CNA" or "Petitioner"). (Doc. 1.) This case relates to a yet-to-be-filed petition to confirm an arbitral award. In connection with the arbitration, CNA and Transport Insurance Co. ("Transport" or "Respondent") signed a confidentiality agreement which was never so-ordered by the arbitral tribunal. (Doc. 1 at 2.) The confidentiality agreement provided that if either party sought to petition a court to confirm an award, it was to be filed under seal. (*Id.*) Accordingly, CNA filed the present motion to file a petition to confirm the award under seal. Because CNA has not overcome the presumption of public access to judicial documents, CNA's motion to seal is DENIED.

       "The burden of demonstrating that a document submitted to a court should be sealed rests on the party seeking such action." *DiRussa v. Dean Witter Reynolds Inc.*, 121 F.3d 818, 826 (2d Cir. 1997). Judicial documents are subject to a "common law right of public access," *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006), and the press and public's

"qualified First Amendment right to attend judicial proceedings and to access certain judicial documents." *Id.* at 120 (quoting *Hartford Courant Co. v. Pellegrino*, 380 F.3d 83, 91 (2d Cir. 2004)).[1]

There are two approaches for determining if the First Amendment right of access attaches to a document. The "'experience and logic' approach requires the court to consider both whether the documents 'have historically been open to the press and general public' and whether 'public access plays a significant positive role in the functioning of the particular process in question.'" *Lugosch*, 435 F.3d at 120 (*Pellegrino*, 380 F.3d at 92). "The second approach considers the extent to which the judicial documents are "derived from or [are] a necessary corollary of the capacity to attend the relevant proceedings." *Lugosch*, 435 F.3d at 120 (quoting *Pellegrino*, 380 F.3d at 93). For example, "[t]he transcript of a proceeding is so closely related to the ability to attend the proceeding itself that maintaining secrecy is appropriate only if closing the courtroom was appropriate." *Newsday LLC v. Cnty. of Nassau*, 730 F.3d 156, 165 (2d Cir. 2013).

Complaints are subject to a First Amendment right of access because "[c]omplaints have historically been publicly accessible by default, even when they contain arguably sensitive information." *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 141 (2d Cir. 2016). "Public access to complaints allows the public to understand the activity of the federal courts, enhances the court system's accountability and legitimacy, and informs the public of matters of public concern." *Id.* Thus, "the First Amendment protects access to judicial documents if the documents 'are necessary to understand the merits' of the proceeding." *Bernsten v. O'Reilly*, 307 F. Supp. 3d 161, 169 (S.D.N.Y. 2018) (quoting *Newsday LLC v. Cnty. of Nassau*, 730 F.3d 156, 164 (2d Cir. 2013)).

---

[1] I need not consider the common law right of access as I have determined that the First Amendment right applies.

*Bernstein*'s analysis of the First Amendment right of access to complaints applies with equal force to petitions to confirm arbitration awards. 814 F.3d 132. In actions to vacate or confirm an arbitral award, the petition serves a similar role to the complaint, educating the public about the operation of the courts, enhancing judicial accountability, and informing the public amount matters of public concern. Similarly, sealing or redacting a petition would leave "the public unaware that a claim has been leveled and that state power has been invoked—and public resources spent—in an effort to resolve the dispute." *Id.* at 141. Courts in this District have thus found that petitions to confirm arbitral awards are subject to the First Amendment right of access. *See, e.g., Union Square Ltd. v. Mr. Bar-B-Q Prod. LLC*, No. 21-CV-11032 (VSB), 2022 WL 252080, at *4 (S.D.N.Y. Jan. 27, 2022); *DXC Tech. Co. v. Hewlett Packard Enter. Co.*, No. 19-CV-7954 (VEC), 2019 WL 4621938, at *1 (S.D.N.Y. Sept. 11, 2019).

CNA does not raise concerns sufficient to warrant sealing. CNA only asserts that "[t]he parties recognized in their confidentiality agreement that public dissemination of arbitration information would result in serious, immediate, or irreparable harm. (Doc. 1 at 4.) This vague and generalized concern is not sufficient to overcome the First Amendment public right of access to the petition because "broad allegations of harm unsubstantiated by specific examples or articulated reasoning fail to satisfy the test." *Coventry Cap. US LLC v. EEA Life Settlements, Inc.,* No. 17CIV7417VMHBP, 2017 WL 5125544, at *3 (S.D.N.Y. Nov. 2, 2017) (quoting *In re Parmalat Sec. Litig.*, 258 F.R.D. 236, 244 (S.D.N.Y. 2009)); *see also In re Google Digital Advert. Antitrust Litig.*, No. 21-CV-6841 (PKC), 2021 WL 4848758, at *3 (S.D.N.Y. Oct. 15, 2021) (declining to seal material where the "harms . . . are vaguely described[,] . . . rather conclusory . . . [and] do not identify privacy interests or concrete harms that outweigh the presumption of public access.").

Accordingly, CNA's motion to file the petition under seal is DENIED. The Clerk of Court is respectfully directed to unseal this docket and close this case.

SO ORDERED.

Dated: July 5, 2023
      New York, New York

_Vernon Broderick_
Vernon S. Broderick
United States District Judge